UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BIENVILLE QUARTERS, L.L.C.

VERSUS

EAST FELICIANA PARISH POLICE JURY, ET AL.

CIVIL ACTION

No.: 07-158-JJB-DLD

## RULING

This matter is before the Court on a motion to dismiss filed by defendants, East Feliciana Parish Police Jury and the Parish of East Feliciana, against plaintiff, Bienville Quarters, LLC. (Doc. 82.) Bienville Quarters filed an opposition. (Doc. 84.) East Feliciana did not file a reply. Additionally, plaintiff brings a motion for summary judgment. (Doc. 80.) Defendants filed an opposition (doc. 85), and Plaintiff filed a reply (doc. 86). There is no need for oral argument. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331. Bienville Quarters seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, injunctive relief pursuant to 28 U.S.C. § 2202 and 42 U.S.C. § 1983, and damages pursuant to 42 U.S.C. § 1983. For the following reasons, the Court DENIES in part and GRANTS in part Defendants' motion to dismiss and DENIES Plaintiff's motion for summary judgment.

**I.    Background**

To date, this case has had many moving parts. Bienville Quarters ("BQ"), a property development company, acquired undeveloped land in East Feliciana Parish ("the Parish") to develop a mobile home park. BQ halted development

1

after it learned that the East Feliciana Parish Police Jury ("the Police Jury") enacted a Mobile Home Ordinance ("MHO"). In its initial complaint, BQ alleged that pursuant to 42 U.S.C. § 1983 the enactment and enforcement of the MHO violated the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of Louisiana. BQ also alleged that the MHO was an attempt to zone when the Parish did not have the authority to do so. However, after BQ filed suit, the Louisiana Legislature gave the Parish and the Police Jury authority to enact zoning ordinances making BQ's claim regarding the Parish's lack of authority to zone moot. See La. Rev. Stat. Ann. 33:4780.61 (2009). Nevertheless, BQ moved for summary judgment on its claims. On February 11, 2008, the Court entered an order dismissing the matter, without prejudice, because the case was not ripe.[1]

Since that time, the Police Jury amended the MHO to take out sections that would have required consent from seventy-five percent of the neighboring landowners and a $10,000 minimum value for each mobile home. Thus, BQ's claims with respect to those provisions are moot. Nevertheless, on February 25, 2008, BQ, still adamant that portions of the MHO were unconstitutional, moved for a new trial and subsequently moved for leave to file a second supplemental and amending complaint. In support of its motions, BQ provided new evidence showing that it submitted a mobile home park application to the Police Jury on February 19, 2008. Although the Police Jury did not respond to the application,

---

[1] See Order (doc. 33).

2

this Court determined their silence to be a de facto denial of BQ's application.[2] Thus, based on the new evidence submitted by BQ, the Court granted BQ's motions for new trial and to admit the second supplemental and amending complaint finding that the case was now ripe for adjudication.[3]  Accordingly, the Court ordered Plaintiff to file a motion for summary judgment, limiting its arguments to the present MHO and the case as it currently stands, taking into account the changes made to the MHO.  On April 7, 2010, Plaintiff filed the current motion for summary judgment.  Also, on April 7, 2010, Defendants filed the current motion to dismiss.

**II.    Law & Analysis**

First, the Court addresses defendants' motion to dismiss for lack of subject matter jurisdiction as it goes to the power of this Court to hear these matters.  Second, the Court addresses defendants' motion to dismiss for failure to state a claim.  Finally, the Court turns to plaintiff's motion for summary judgment on the remaining claims.

**III.   Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendants allege that plaintiff's claims lack subject matter jurisdiction because they are not ripe for adjudication and furthermore are moot.

**a.  Ripeness of Plaintiff's Claims**

Plaintiff raises regulatory takings, substantive due process, and equal

---

[2] *See* Ruling and Order 4 (doc. 53).
[3] *Id.*

3

protection claims. Rule 12(b)(1) allows for dismissal of a case where the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Ripeness is a question of this Court's subject matter jurisdiction. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).

### i. Regulatory Takings Claim

A regulatory takings claim is not ripe until "(1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedures the state provides." *Sandy Creek Investors, Ltd. v. City of Jonestown*, 325 F.3d 623, 626 (5th Cir. 2003) (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194-95 (1985)).

The Court need not address whether BQ's takings claim satisfies the first prong of the *Williamson County* test because this claim fails the second prong of the test.

In order to satisfy the second prong of the *Williamson County* test, a property owner may not claim a violation of just compensation[4] until pursuing whatever adequate procedures the State offers for seeking just compensation, such as an inverse condemnation action. *Williamson*, 473 U.S. at 196-97. A plaintiff must allow a state court to rule upon its inverse condemnation, or otherwise similar appropriate remedy, action before bringing the action to federal

---

[4] "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Williamson*, 473 U.S. at 194.

4

court. *Liberty Mut. Ins. Co. v. Brown*, 380 F.3d 793, 798 (5th Cir. 2004). A plaintiff, however, can excuse its failure to comply with the *Williamson County* test's second prong by showing "that the state would deny that claimant compensation were he to undertake the obviously futile act of seeking it." *Samaad v. City of Dallas*, 940 F.2d 925, 934 (5th Cir. 1991).

Louisiana law recognizes an inverse condemnation action as a means of seeking just compensation. *See State Through Dept. of Transp. & Dev. v. Chambers Inv. Co.*, 595 So. 2d 598, 602 (La. 1992). While BQ may claim defendants hindered it from exhausting its administrative remedies by letting its applications languish, the fact remains that without a showing that an inverse condemnation action, or other like remedies, would certainly be futile, BQ's takings claim is not ripe for adjudication.

### ii. Substantive Due Process and Equal Protection Claims

The Court must now determine whether the dismissal of plaintiff's takings claim for lack of ripeness requires the dismissal of plaintiff's substantive due process and equal protection claims. An unripe takings claim does not necessarily subsume substantive due process and equal protection claims alleging deprivations in property. *John Corp. v. City of Houston*, 214 F.3d 573, 584 (5th Cir. 2000). *See also Simi Inv. Co. v. Harris County*, 236 F.3d 240, 248-49 (5th Cir. 2000). In *John Corp.*, the Fifth Circuit decided that the two-prong *Williams County* test, used above to determine the ripeness of plaintiff's takings claim, does not apply to either substantive due process or equal protection

5

claims. *John Corp.*, 214 F.3d at 584-85.  Instead, in cases such as this, where plaintiff brings substantive due process claims and equal protection claims in connection with a takings claim, the Court looks to determine the extent to which the plaintiff's substantive due process and equal protection claims rest on protections that are also afforded by the Takings Clause. *Id.* at 584.  If the substantive due process and equal protection claims rest solely on rights afforded to them by the Takings Clause and are brought in conjunction with an unripe takings claim, then such claims are consequently unripe. *Id.* at 585.  If, however, such claims assert rights not afforded to them by the Takings Clause, or, in other words, if they find their protection rooted in, for example, the Due Process Clause, then they are unaffected by the determination that a joined takings claim is unripe.[5]  *Id.*

Accordingly, plaintiff must show how its substantive due process and equal protection claims invoke federal question jurisdiction by asserting independent grounds for protection.

With regard to its substantive due process claim, BQ asserts that certain portions of the MHO are arbitrary and capricious.[6]  This claim invokes protection

---

[5]Additionally, the Fifth Circuit in *John Corp.* determined that finality was not at issue because the city made clear its final determination regarding Appellant's property. *John Corp.*, 214 F.3d at 383.  Likewise, in the present case, finality is not at issue because the Police Jury has clearly determined the specific restrictions to be placed upon a mobile home park under the MHO.  Namely, the Policy Jury contends that the present density requirements set forth by the MHO reflect the Parish's ability to sustain the development of a mobile home park, and therefore are final determinations.
[6] Second Supplemental Am. Compl. ¶ 9e (doc. 54).

of the Due Process Clause, not the Takings Clause, because it asserts rights not protected by the Takings Clause. *See, e.g., FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996) (discussing arbitrary and capricious measures that violate substantive due process without discussing takings issues). Generally, a takings claim is pled together with a substantive due process claim as there might be some overlap between the two claims. Here, however, plaintiff's takings claim does not subsume the substantive due process claim because plaintiff's substantive due process claims challenge defendants' actions as not rationally related to a legitimate state interest, whereas its takings claim challenges the Parish's alleged taking of property without just compensation. The constitutional protections afforded these doctrines are not coextensive.

With regard to its equal protection claim, BQ asserts that the MHO violates equal protection and is an improper exercise of police powers as there is no rational justification for the differential treatment in exercise of that power. *Mikeska v. City of Galveston*, 451 F.3d 376, 381 (5th Cir. 2006). Similar to plaintiff's substantive due process claim, the right to be free from unequal treatment under the law, granted by the Equal Protection Clause, is not protected by the Takings Clause. Therefore, the Court finds that both plaintiff's substantive due process and equal protection claims are ripe for review because they are not subsumed by plaintiff's unripe takings claim.

    **b. Mootness of Plaintiff's Claims**

7

Further, defendants assert that this case is moot because BQ admits the Police Jury amended out portions of the ordinance that were unconstitutional. Defendants argue that this removal moots plaintiff's claims because the unconstitutional portions of the MHO were removed.

Federal courts are courts of limited jurisdiction. *C & H Nationwide, Inc. v. Norwest Bank Tex. NA*, 208 F.3d 490, 493 (5th Cir. 2000). One limitation on a court's jurisdiction is the requirement that "there be a live case or controversy between the parties." *Id.* The case or controversy requirement limits federal courts to concentrating only on issues that affect the rights of the parties in the case before them. *Id.* (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

While the plaintiff does admit that the defendants have removed unconstitutional portions from the MHO, plaintiff still argues that the MHO is unconstitutional in its amended form. Plaintiff alleges that certain sections of the MHO have no rational basis and serve no legitimate state interest in violation of plaintiff's substantive due process rights. For example, plaintiff alleges that MHO section 13.14C, limiting a mobile home park to three trailers per acre, serves no legitimate state interest and only exists to prevent development of a mobile home park within the Parish because such a limitation makes a mobile home park economically infeasible.[7] Further, plaintiff alleges that the MHO violates its equal protection rights by imposing density requirements upon mobile homes that are

---

[7] Pl.'s Reply Mem. to Defs.' Opp'n to Summ. J. 4 (doc. 86).

more stringent than density requirements placed upon stick built homes. Plaintiff claims no rational basis exists for this differential treatment, and therefore, this section violates its equal protection rights. Because plaintiff properly alleges substantive due process and equal protection claims regarding the current MHO, the Court finds that the plaintiff's arguments are not moot, and the Court has subject matter jurisdiction over this case.

In summary, the Court finds that it has subject matter jurisdiction over BQ's substantive due process and equal protection claims but does not have subject matter jurisdiction over BQ's takings claim.

## IV.   Motion to Dismiss for Failure to State a Claim

Defendants also assert that plaintiff's substantive due process, equal protection, and takings claims fail under Rule 12(b)(6) because the Police Jury is entitled to legislative immunity and because zoning is not considered a taking. This Court need not analyze whether the plaintiff states a takings claim because the claim was already determined to be unripe for adjudication.

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court should grant a motion to dismiss only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Courts do not, however, accept as true all legal

9

conclusions.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### a.  Legislative Immunity

The defendants assert that plaintiff's claims should be dismissed on the basis of absolute, legislative immunity because defendants were acting in a legislative capacity.  "Local legislators are…absolutely immune from suit under § 1983 for their legislative activities."  *Bogan v. Scott-Harris*, 523 U.S. 44, 48 (1998).  Furthermore, the Fifth Circuit has extended the doctrine of legislative immunity to police jurors in their individual capacities. *Calhoun v. St. Bernard Parish*, 937 F.2d 172, 174-75 (5th Cir. 1991).  However, the Fifth Circuit did not immunize police jurors in their official capacities.  *Id.*  (holding that plaintiff's claims for injunctive and declaratory relief against police jurors in their official capacities are not dismissed based upon legislative immunity).  *See also Craig v. Police Jury Parish*, 265 Fed. App'x 185, 196 (5th Cir. 2008).  Because the plaintiff is suing the defendants in their *official* capacities and not their *individual* capacities, the doctrine of legislative immunity does not apply, and thus, the plaintiff's claims will not be dismissed on these grounds.

In summary, plaintiff's substantive due process and equal protection claims properly state a claim, and the Court now considers them on plaintiff's motion for summary judgment.

## V.  Plaintiff's Motion for Partial Summary Judgment

The Court now addresses plaintiff's remaining substantive due process and equal protection claims on summary judgment.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the Court considers any disputed or unsettled facts in the light most favorable to the non-movant, the non-movant may not rest merely on allegations set forth in his pleadings. Instead, he must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

BQ makes an omnibus attack on the MHO claiming that it violates both its substantive due process and equal protection rights. Specifically, BQ objects to sections 13.1A, 13.1B, 13.13B, 13.14A, 13.14C, and 13.2A[2]2[8] of the MHO.[9]

### a. Plaintiff's Substantive Due Process Claim

According to the Fifth Circuit, "the outside limit upon a state's exercise of its police power in zoning decisions is that they must have a rational basis."

---

[8] These sections provide in relevant portion that: "no occupancy permits may be issued for any use including leasing, occupancy, renting or offering for sale of such trailers," "mobile home park means two or more mobile homes located on the same tract of land," "the total size of any mobile home park located in East Feliciana Parish shall not exceed 30 units," "individual trailer sites may be leased or rented but not subdivided or sold," "no more than three units will rest within any one acre of the park," and mobile home parks must "be located a minimum of 500 feet from any building listed on the National Register of Historic Places."

[9] The Court need not address the plaintiff's taking claim with regard to MHO sections 13.1B, 13.13B, and 13.14C because the Court dismissed the plaintiff's takings claim for lack of ripeness. Additionally, the Court need not address plaintiff's claims with regard to former sections 13.14(L), 13.14(N), or 13.14(G)(1) because the Police Jury has removed these sections from the MHO. Thus, plaintiff's substantive due process and equal protection claims with regard to those sections are moot.

11

*Shelton v. City of College Station*, 780 F.2d 475, 482 (5th Cir. 1986). In other words, plaintiff must show that the MHO is "not rationally related to a legitimate state interest." *FM Properties Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996). An ordinance is unconstitutional only if it is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. *Id.* (internal citation omitted). Generally, the rational basis test requires only that the relation to the state's legitimate interest be "at least debatable." *Levi v. Univ. of Tex.*, 840 F.2d 277, 280 (5th Cir. 1988) (quoting *Metro. Life Ins. Co. v. Ward*, 470 U.S. 869, 881 (1985)). Thus, in order to prevail in this summary judgment motion, plaintiff must be able to show that defendants establish no facts showing a rational basis for the MHO.

BQ alleges that the aforementioned sections of the MHO violate its substantive due process rights by enacting an arbitrary and capricious MHO that fails to further a legitimate state interest.[10] Instead of furthering a state interest, BQ alleges that the defendants passed the MHO specifically for the purpose of keeping FEMA trailers out of the Parish and for stopping BQ's development of a mobile home park.[11] Additionally, BQ claims that these provisions of the MHO, particularly section 13.14C, which limits the density of a mobile home park, were designed by the Police Jury for the purpose of preventing not just the development of its mobile home park but the development of any new mobile

---

[10] Pl.'s Reply Mem. to Defs.' Opp'n to Summ. J. 17 (doc. 86).
[11] Statement of Uncontested Facts 16 (doc. 80).

home park within the Parish.

Defendants, however, claim that they had no knowledge of BQ's development when they decided to enact the MHO and, thus, they did not have any intention of hindering BQ's development. Also defendants claim that there is no support for the contention that they are trying to keep FEMA trailers out of the Parish because there is no partnership between BQ and FEMA. Defendants argue instead that their enactment of the MHO amounts to proper population density regulation in conformity with the character and available infrastructure of the Parish. Defendants counter BQ's allegations by asserting that the sections of the MHO in question are grounded in concerns for the healthcare, sewage maintenance, fire protection, police protection, traffic control, and water supply of the Parish. Defendants' contentions posit a rational basis for the MHO.

Accordingly, the Court finds that there exists an issue of material fact as to whether there is a rational basis for the MHO. Therefore, the Court denies summary judgment on BQ's substantive due process claim.

### b. Plaintiff's Equal Protection Claim

An equal protection claim looks to whether there exists a rational basis for the differential exercise of the Police Jury's power. *Mikeska*, 451 F.3d at 381. Similar to a substantive due process claim, plaintiff must show that the differential treatment of potential mobile home owners and developers as compared to others similarly situated did not have a rational basis. *Id.*

BQ alleges that the MHO unfairly discriminates against BQ and potential

mobile home owners and developers because the MHO unfairly applies density requirements for a mobile home park.  Further, BQ asserts that these density requirements are discriminatory because they preclude mobile home parks in any form because it is not economically feasible to build a mobile home park under these requirements.[12]  Additionally, BQ claims that section 13.1A, preventing lease occupancy permits, and section 13.14A, preventing subdivision or alienation of individual trailer sites, discriminate against BQ, as a mobile home developer, because the Parish does not regulate homes and townhomes in this same manner.[13]  Finally, BQ contends that the MHO's purpose is actually to preclude the development of mobile home parks, and this has no rational basis.

Defendants do not respond to each and every allegation in BQ's equal protection claim, but instead rely upon the same defense used in response to BQ's substantive due process claim.  Defendants counter that the MHO represents a reasonable and proper exercise of the regulatory and police powers of the parish to promote the health, safety and general welfare, including aesthetic values, of the residents of the parish.  Therefore, defendants present a putative rational basis for the MHO as it currently stands.

Thus, the Court finds that, for the same reasons used above with regard to plaintiff's substantive due process claim, an issue of material fact exists regarding plaintiff's equal protection claim.

---

[12] *See id.* at 17.
[13] Pl.'s Mem. in Supp. of Second Mot. For Summ. J. 16 (doc. 80).

**VI.**   **Conclusion**

Accordingly, the defendants' motion to dismiss (doc. 82) is GRANTED with respect to the Plaintiff's unripe takings claim due to lack of subject matter jurisdiction. This claim is dismissed without prejudice. Defendants' motion to dismiss is DENIED with respect to Plaintiff's substance due process and equal protection claims. Therefore, the Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part. Additionally, the Plaintiff's motion for summary judgment (doc. 80) is **DENIED** on its substantive due process and equal protection claims because Defendants supply a putative rational basis for the MHO.

Signed in Baton Rouge, Louisiana, on June 25, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**